NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEDA M. DASILVA-FLINT,

          Plaintiff-Appellant,

  v.

LOUIS DEJOY, Postmaster General,

          Defendant-Appellee.

No. 22-55382

D.C. No. 8:19-cv-02018-CJC-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 6, 2023[**]
Pasadena, California

Before: KLEINFELD and COLLINS, Circuit Judges.[***]

Leda DaSilva-Flint appeals from the district court's grant of summary

judgment to the Postmaster General on her claim of sex-based employment

discrimination in violation of the federal-employment provision of Title VII of the

Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-16.[1] Reviewing de novo, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concluded that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] This matter is decided unanimously by a quorum of the panel. *See* 28 U.S.C. § 46(d); Ninth Cir. Gen. Order 3.2(h).

[1] Under the statute, in any such civil action alleging employment discrimination

viewing the evidence in the light most favorable to the nonmoving party, *see Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003), we affirm.

To carry her threshold burden to establish a prima facie case of sex discrimination with respect to her application to be a Driver Safety Instructor ("DSI"), DaSilva-Flint had to present evidence showing "(1) that [she] belongs to a protected class; (2) [she] was qualified for the position; (3) [she] was subject to an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably." *Leong*, 347 F.3d at 1124. DaSilva-Flint failed to present sufficient evidence to raise a genuine issue of material fact as to the second and fourth elements. *See* FED. R. CIV. P. 56(c)(1).

DaSilva-Flint failed to present sufficient evidence to support a conclusion that she was qualified for the DSI position. As reflected in the Postal Service's Standards of Conduct, all employees of the Postal Service must "be honest, reliable, trustworthy, courteous, and of good character and reputation." Undisputed evidence established that, in her first application for the DSI position, DaSilva-Flint had represented that she possessed a training certification that in fact she had not yet earned. Indeed, the uncontested record evidence shows that she did not earn the certification because her training to obtain it was cancelled, due to her

involving a covered federal entity, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).

alleged commission of a major safety violation in her driving. And there is no dispute that DaSilva-Flint knew that she had not earned the certificate at the time she submitted the application falsely stating that she had the certificate. DaSilva contends that the misrepresentation was negligent rather than intentional, but in either event she was not qualified for the DSI position. An applicant who negligently misrepresents an important job-related qualification in applying for a position has not demonstrated that she is sufficiently "honest, reliable, [and] trustworthy" for that position. Similarly, having already demonstrated such unreliability and lack of trustworthiness in her initial application, DaSilva's subsequent submission of a corrected application did not unring the bell.

DaSilva-Flint also failed to identify any similarly situated individual outside of her protected class (*i.e.*, her sex) who was treated more favorably. On this point, DaSilva-Flint relies on the assertion that a particular male ultimately hired as a DSI (Aguirre) was "unqualified for the position" because his hiring assertedly "violated the collective bargaining agreement." But even assuming arguendo that Aguirre's transfer implicated the reassignment preferences under that agreement, it remains the case that there is no evidence that Aguirre made any material misrepresentations on his application (or anywhere else). There is thus no basis for concluding that Aguirre was similarly situated to DaSilva-Flint. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) ("[I]ndividuals are

3

similarly situated when they have similar jobs and display similar conduct.").

Accordingly, DaSilva-Flint failed to present sufficient evidence to establish a prima facie case of sex discrimination in connection with her application for a DSI position. We therefore affirm the district court's grant of summary judgment.[2]

**AFFIRMED.**

---

[2] DaSilva-Flint asserts for the first time in her opening brief on appeal that the district judge was assertedly "biased against minorities and women." Appellant has not shown that recusal was warranted, and in any event there is no prejudice, since we have upheld the summary judgment under a de novo standard of review.